

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ROYCE LEE MAKISHIMA and TERRA ANN MAKISHIMA,<br><br>    Debtors.<br>_____<br>GRACE MILES,<br><br>    Plaintiff,<br><br>vs.<br><br>ROYCE LEE MAKISHIMA and TERRA ANN MAKISHIMA,<br><br>    Defendants.<br>_____ | Case No. 07-27982-A-7<br><br><br><br><br><br><br><br><br>Adv. No. 08-2006<br><br>Docket Control No. None<br><br><br><br><br><br>Date: Ex Parte<br>Time: Ex Parte |

**MEMORANDUM**

Plaintiff Grace Miles has filed a motion for a stay pending appeal. The motion was filed in this adversary proceeding and not in the main case.

However, there is no appeal pending in the adversary proceeding. For this reason, the court will deny the motion for a stay pending appeal insofar as it seeks to stay anything related to the adversary proceeding.

///

1  The only appeal filed by Ms. Miles concerns a matter in the
2  main bankruptcy case. Her notice of appeal was filed on May 13,
3  2008. That appeal concerns an order filed on April 29, 2008 and
4  entered on the docket on April 30, modifying the automatic stay
5  in order to permit a state court to enter judgment in an action
6  that pre-dated the bankruptcy case.
7  To the extent the motion for a stay pending appeal actually
8  seeks to stay the effect of the April 29 order, the motion will
9  be denied.
10  Fed. R. Bankr. P. 8005 permits the bankruptcy court to grant
11  a stay pending appeal concerning one of its orders provided the
12  appellant makes a strong showing that (1) she is likely to
13  succeed on the merits, (2) she is likely to sustain irreparable
14  injury without the stay, (3) the appellee is unlikely to be
15  injured by a stay, and (4) the public interest will not be harmed
16  if the stay is granted. See <u>Wymer v. Wymer (In re Wymer)</u>, 5 B.R.
17  802, 806 (B.A.P. 9th Cir. 1980).
18  Here, Ms. Miles' motion has offered no evidence, or
19  argument, on any of these points. Nonetheless, a cursory review
20  of the record suggests that the appeal is doomed because its was
21  not filed timely.
22  Fed. R. Bankr. P. 8002(a) requires that a notice of appeal
23  be filed within 10 days of the date of the entry of the order.
24  None of the provisions of Rule 8002 providing for an extension of
25  the time to file a notice of appeal are applicable in this case.
26  For instance, no party filed a motion for reconsideration
27  under Fed. R. Bankr. P. 9024 (or any of the other motions
28  enumerated in Fed. R. Bankr. P. 8002(b)) during the 10-day appeal

period.  Had such a motion been filed, the time to file a notice of appeal would have been extended until 10 days following the entry of the order disposing of such motion.

Nor did Ms. Miles seek an extension of the time to appeal, either during the initial 10-day appeal period or, assuming the failure to file a notice of appeal during the 10-day appeal period was due to excusable neglect, within 20 days after the expiration of the 10-day appeal period.  See Fed. R. Bankr. P. 8002(c)(2).  Assuming that there was a basis for an extension, it is now too late to seek an extension under Rule 8002(c)(2) - both the 10-day and 20-day periods have expired.

Furthermore, even if the times to request an extension had not expired, Fed. R. Bankr. P. 8002(c)(1)(A) does not permit the court to grant an extension of time to appeal an order granting relief from the automatic stay.

Hence, Ms. Miles cannot possibly prevail because her appeal was untimely.  Assuming Ms. Miles is seeking a stay pending appeal in connection with the order granting relief from the automatic stay, it cannot be granted for the reasons explained above.

The court, however, construes the motion seeking a stay pending appeal also to be a request for a continuance of the upcoming August 11 hearing on the defendants' motion to dismiss the adversary proceeding.  That dismissal motion was filed March 12, 2008 and has twice been continued at Ms. Miles' request.

At a hearing on May 27, the court agreed to continue the hearing on the motion to dismiss to August 11.  The court explained its reasons for doing so in a written ruling that is

appended to the minutes of the hearing. In that ruling, the court concluded:

> The defendants, Royce and Terra Makishima, who are also the debtors in the underlying bankruptcy case, move for dismissal of the plaintiff's first amended complaint under Fed. R. Civ. P. 12(b)(6).
>
> The plaintiff seeks a "stay" of further prosecution of this proceeding while she searches for an attorney.
>
> The hearing will be continued to August 11, 2008 at 9:00 a.m., both to give the plaintiff additional time to search for an attorney and for the reason explained below. Pending a further order of this court, the defendants shall not be required to answer the complaint and the parties shall conduct no discovery in this proceeding.
>
> However, pending the continued hearing, the court will grant the motion to a limited extent in order to clarify that the plaintiff is not pursuing a claim for relief under 11 U.S.C. § 727(a), but is pursing a claim that a liability of the defendants to the plaintiff is made nondischargeable by 11 U.S.C. § 523(a)(2), (4) or (6). The plaintiff confirmed this at the hearing on May 27.
>
> Accordingly, when the defendants are otherwise entitled to a bankruptcy discharge, it may be entered by the clerk, but that discharge is subject to a possible determination in this proceeding that the liability of the defendants to the plaintiff is excepted from their discharge.
>
> To the extent the original and amended complaints seek relief under 11 U.S.C. § 523(a)(2), (4), or (6), that relief is related to certain state court litigation referenced in the original and amended complaints filed in this court. The plaintiffs is seeking a determination that the defendants' liability to her in the state court litigation should be excepted from their bankruptcy discharge.
>
> It appears that a trial was concluded in state court before the bankruptcy petition was filed. However, the state court did not announce a decision until after the petition was filed. This was done after the automatic stay of 11 U.S.C. § 362(a) was in place. For that reason, the defendants/debtors and trustee sought to annul and modify the automatic stay in order to permit the state court to enter judgment in accordance with its announced decision. This court granted that relief.

As of yet the state court has not entered its judgment. In fact, the plaintiff has removed the state court litigation to the Bankruptcy Court of the Northern District of California. The defendants intend to seek a remand.

In addition to providing time to the plaintiff to obtain counsel, the purpose of the continuance is to permit the defendants to seek a remand from the Northern District and to obtain entry of a judgment, whether from the state court or from the Northern District if the remand is not granted. If a judgment is obtained, at the continued hearing the court will determine whether there is any liability owed by the defendants to the plaintiff that can be excepted from their discharge. Also, the plaintiff is free, given the court's annulment and modification of the automatic stay, to pursue any appeal or trial court attack on a state court/Northern District judgment.

Because of Ms. Miles has yet to obtain an attorney, because the Northern District has not yet acted on the motion to remand, and because no judgment has been entered by the state court after a remand, the court will grant a further continuance of the hearing on the dismissal motion to September 8, 2008 at 9:00 a.m.

This Memorandum, and the accompanying order, shall be filed in both the main case and in the adversary proceeding.

Dated: 15 July 2008

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-5-

# CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Asa Hami
300 S Grand Ave 22nd Fl
Los Angeles, CA 90071-3132

Daryl S. Landy
Morgan Lewis & Brockius LLP
2 Palo Alto Square
3000 El Camino Real, #700
Palo Alto, CA 94306-2212

John Downing
109 Geary St 4th FL
San Francisco, CA 94108

Grace Miles
21 Willow Rd #22
Menlo Park, CA 94025

Royce Makishima
1010 San Ramon Way
Sacramento, CA 95864

Terra Makishima
1010 San Ramon Way
Sacramento, CA 95864

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: July 16, 2008

*Susan C. Cox*
Susan C. Cox
Judicial Assistant to Judge McManus